## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EVOLVE BIOSYSTEMS, INC.; AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a corporation, <br><br> Plaintiffs, <br><br> v. <br><br><br><br> ABBOTT LABORATORIES, <br><br> Defendant. | ) ) ) ) Civil Action No. _____ ) ) ) ) ) ) **JURY TRIAL DEMANDED** ) |

## COMPLAINT

Plaintiffs Evolve BioSystems, Inc. ("Evolve") and the Regents of the University of California ("the University") file this Complaint against Defendant Abbott Laboratories ("Abbott") and allege as follows:

## NATURE OF THE ACTION

1.      This is an action arising under the patent laws of the United States codified at 35 U.S.C. §§ 1, *et seq.*, over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) for infringement of U.S. Patent No 8,197,872 ("the '872 patent").  This action arises out of the imminent manufacture, use, importation, offer for sale, and/or sale by Abbott of a probiotic product that, when combined with other prebiotic products, infringes Plaintiffs' patent rights.  Plaintiffs file this lawsuit to stop Abbott's infringing activity and to obtain other appropriate relief.

sf-4059730

## THE PARTIES

2.      Plaintiff Evolve BioSystems, Inc. is a Delaware Corporation with its principal place of

business at 2121 2nd Street, Suite C108, Davis, CA, 95618.

3.      Plaintiff the Regents of the University of California is a California Constitutional

Corporation authorized and empowered to administer the public trust known as the University of

California, with full powers of organization and government thereof.

4.      Defendant Abbott Laboratories is an Illinois Corporation with its principal place of

business at 100 Abbott Park Road, Abbott Park, IL, 60064.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the asserted federal law claims under 28

U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6.      Abbott is subject to personal jurisdiction in this judicial District because Abbott is

incorporated in the State of Illinois and has its principal place of business in this District.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because

Abbott is incorporated in Illinois and has its principal place of business in this District.  On

information and belief, certain acts complained of herein also occurred within this District and

significant evidence of these acts is located within this District.

## FACTUAL BACKGROUND

8.      Evolve is an innovator and leader in correcting newborn gut dysbiosis—an imbalance

of beneficial bacteria that can lead to immune and metabolic dysfunction and disease.  While

scientists have long appreciated that the composition of microbes—or the microbiome—in the infant

gut can impact infant health, not much was known about which microbes were necessary for a

healthy gut and what substances promoted their growth.  Newborn gut dysbiosis is becoming

increasingly prevalent; possible causes include increased delivery by C-sections, formula feeding,

sf-4059730

and antibiotic use. Premature infants, in particular, are susceptible to gut dysbiosis. In a healthy infant gut, beneficial bacteria promote health in numerous ways including reducing enteric inflammation, improving stool patterns, increasing vitamin production, and promoting nutrient absorption. In contrast, infant gut dysbiosis can cause severe health conditions such as enteric infections, necrotizing enterocolitis (NEC), and gastroenteritis. Enteric infections can lead to sepsis, and premature infants with sepsis have significantly higher mortality rates. NEC is also one of the leading causes of premature infant mortality. For the last several decades, scientists and doctors have struggled to identify the cause of and treatments for NEC.

9. Evolve is an early-stage company that was formed to investigate and to address infant gut dysbiosis. Its founders hail from the University's Davis campus, where they performed fundamental research on infant gut dysbiosis, and the bacteria strains needed to establish a healthy gut microbiome. Through their research, Evolve's founders uncovered the crucial role of the bacterium *Bifidobacterium longum* subsp. *infantis* ("*B. infantis*") in newborn gut health. But this was only one piece of the puzzle. Inoculating infants with *B. infantis* without a proper prebiotic environment has little effect. Evolve's founders further discovered that specific oligosaccharides— essentially, long chains of complex sugars—were a selective food source for *B. infantis* and that without these oligosaccharides, *B. infantis* cannot establish a dominant presence in the infant gut. Interestingly, these oligosaccharides make up roughly 15% of human milk, and without the help of bacteria, they would be indigestible by a human infant. Research performed by Evolve's founders shows that these human milk oligosaccharides (HMOs) serve as prebiotics that promote *B. infantis* growth.

10. Based on these fundamental discoveries, Evolve set about developing a probiotic *B. infantis* product (*B. infantis* EVC001). Because this product would have particular application in

3

infants, Evolve took safety and efficacy seriously.  Evolve conducted and continues to sponsor

significant research and clinical trials to demonstrate the safety and effectiveness of *B. infantis*

EVC001 in correcting infant gut dysbiosis, in both full term and premature infant populations, putting

significant money, time, and resources on the line.[1]  This work allowed Evolve to launch and

subsequently promote EVIVO® as a clinically proven *B. infantis* probiotic product for infants.

11.     Evolve's EVIVO product has been adopted for use in neonatal intensive care units

(NICUs), where ongoing research suggests that its colonization in the infant gut is associated with

improved patient outcomes.  Under the current standard of care, preterm infants in the NICU often

receive processed human milk products synthesized from donor milk combined with a nutritional

fortifier of either human or bovine origin, a combination which includes the prebiotic HMOs that

Evolve's founders discovered.[2]  Evolve instructs care providers to add EVIVO to diets including

these synthetic, prebiotic combinations prior to administration, so the HMOs in the combination can

establish a healthy gut population of *B. infantis*.  NICUs across the country now administer EVIVO

to premature infants, with the number of participating NICUs increasing with every quarter.

12.     Based in large part to Evolve's path-breaking work, recognition of the importance of

*B. infantis* and HMOs to infant gut health has become widespread.[3]  The Gates Foundation and

Horizon Ventures (a venture arm of the Li Ka Shing Foundation) recently led a consortium of parties

that invested $40 million in Evolve, including to fund research relating to use of EVIVO in

---

[1] *See, e.g.*, https://www.evivo.com/scientific-publications.

[2] Fortified milk is the current standard of care for premature infants in the NICU.  *See, e.g.*, https://www.prolacta.com/knowledge-center/.

[3] *See, e.g.*, https://www.nytimes.com/2018/06/17/opinion/babies-bacteria-breastfeeding-formula.html; https://www.npr.org/sections/thesalt/2018/04/30/606440075/probiotics-for-babies-and-kids-new-research-explores-good-bacteria; and https://www.prnewswire.com/news-releases/top-medical-professionals-gather-to-tackle-infant-gut-dysbiosis-300861207.html.

sf-4059730

promoting the health of children and infants in developed and developing countries. And even

Abbott has come to recognize the importance of the scientific contributions by Evolve's founders.

Abbott now touts the importance of a healthy microbiome and the role of HMOs as a prebiotic in

promoting gut health; it recently began adding HMOs to some of its Similac® infant care products.[4]

Its own literature recognizes the significant contributions of combinations involving *B. infantis* and

synthetic, prebiotic products including HMOs to the field, and has referenced work by Dr. David

Mills—one of Evolve's founders and an inventor of the technology.[5]

13.     It comes as no surprise, then, that Abbott was interested in partnering with Evolve.

Abbott has been following the work of Evolve's founders for years, and beginning in 2018, entered in

discussions regarding shared business opportunities between the two companies, whereby Abbott

might co-promote Evolve's EVIVO along with Abbott's Similac line of infant care products.

Discussions ensued for more than a year and seemed cordial, but rumors began developing that

Abbott was preparing to launch its own competing product to Evolve's. An important potential

customer of Evolve, with whom discussions had advanced to their final stages, informed Evolve that

they were putting discussions about using Evolve's EVIVO in their NICUs on hold, so they could

consider Abbott's imminent probiotic offering. Eventually, the product description leaked; Abbott

was indeed planning on offering a *B. infantis* product that would directly compete with Evolve's—

"Similac Probiotic Tri-blend"—as shown on the next page.

---

[4] *See, e.g.*, https://www.abbott.com/corpnewsroom/product-and-innovation/the-role-of-the-microbiome.html; https://www.nutritionnews.abbott/pregnancy-childhood/prenatal-breastfeeding/the-power-of-human-milk-oligosaccharides/; and https://www.nutritionnews.abbott/pregnancy-childhood/infant-toddler/breakthroughs-in-infant-nutrition/.

[5] *See, e.g.*, Exhibit 2 (Abbott's 2018 Growth Summit).

sf-4059730



14.     On information and belief, Abbott trained its existing sales team and prepared marketing collateral and care provider instructions for, and now plans to launch, its own *B. infantis* product that would compete directly with Evolve's.  According to current and potential Evolve customers, this launch is imminent and will occur within the next two months.  On information and belief, Abbott will distribute this product in powder form and instruct care providers to mix it with food products administered to infants in the NICU, including infants being fed synthetic human milk products combined with nutritional fortifiers of human or bovine origin (such as Abbott's own Similac fortifier).  As detailed below, this combination will infringe patent claims for a patent on which Evolve is an exclusive licensee, and Abbott will induce and contribute to that infringement.

15.     Abbott is a leading seller in the United States of infant formula under its Similac brand and has significant business relationships with Evolve's current and potential customers.  On

6

information and belief, to establish a market for its products, Abbott frequently provides NICUs with

its products below cost.  On information and belief, Abbott benefits from this, as it establishes

recognition for its Similac brand with care providers, and with parents who purchase Abbott's

products after infants are discharged from hospital care.  Abbott's imminent launch is already

damaging Evolve, as even rumors about Abbott's competing product have put discussion with

potential Evolve customers on hold.  Evolve is a small company with comparatively limited

resources, and loss of (or even delays relating to) current or potential customers due to Abbott's

market entry will irreparably damage Evolve's business.  Plaintiffs therefore bring this suit to stop

Abbott's planned infringement.

## THE ASSERTED PATENT

16.     The '872 patent, titled "Human Milk Oligosaccharides to Promote Growth of

Beneficial Gut Bacteria," issued on June 12, 2012.  A true and correct copy of the '872 patent is

attached as Exhibit 1.  The '872 patent discloses and claims compositions comprising specific HMOs

and methods of producing a synthetic, prebiotic food product or food supplement comprising said

HMOs and *B. infantis*.

17.     The University owns the '872 patent.  Evolve is exclusively licensed to make, use,

sell, offer for sale, and import products, methods, and services that practice the '872 patent.  The

University and Evolve together hold the exclusive right to initiate, control, and defend any patent

infringement litigation involving the '872 patent.

## COUNT I

## DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,197,872

18.     Plaintiffs incorporate by reference as though fully set forth herein the allegations in

Paragraphs 1 through 17 of the Complaint.

sf-4059730

19.     Plaintiffs' claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

20.     Abbott's imminent launch of its *B. infantis* product creates an actual, immediate, and real controversy within the purview of the Declaratory Judgment Act that Abbott will directly and/or indirectly infringe one or more valid and enforceable claims of the '872 patent.  A judicial determination of infringement is necessary and appropriate to resolve this controversy.

21.     On information and belief, Abbott will induce others to infringe and/or will commit acts of contributory infringement of at least claim 15, which depends from claim 12, and claim 18, which depends from claims 1 and 16, of the '872 patent under 35 U.S.C. §§ 271(b) and/or (c).

22.     Independent claim 1 recites "[a] synthetic prebiotic composition comprising a first, second and third purified oligosaccharide each of which naturally occur in human breast milk, wherein the first oligosaccharide has a mass/charge (m/z) ratio of about 732.3; the second oligosaccharide has a mass/charge (m/z) ratio of about 1243.4; and the third oligosaccharide has a mass/charge (m/z) ratio of about 1389.5, wherein the m/z ratio is measured by matrix-assisted laser desorption/ionization (MALDI), and wherein the composition is consumed at a higher rate by *Bifidobacterium longum* bv. *infantis* (*B. infantis*) compared to other *Bifidobacterium* strains."

23.     Dependent claim 16 recites: "[a] method of producing a synthetic prebiotic food product or food supplement, the method comprising, combining at least one food ingredient with the first and second and third oligosaccharide of claim 1, thereby generating a prebiotic food product or food supplement."

24.     Dependent claim 18 recites: "[t]he method of claim 16, further comprising combining an inoculum of *B. infantis* with the food ingredient and/or first and second and third oligosaccharide."

8

25.     On information and belief, Abbott intends to supply its *B. infantis* product for use by care providers in the NICU.

26.     On information and belief, Abbott will supply this *B. infantis* product to care providers in the United States with the understanding that they will mix the *B. infantis* product with synthetic, prebiotic human milk products.  Prior to Evolve's disclosures, it was not conventional to mix *B. infantis* with HMOs via synthetic, prebiotic human milk products or otherwise.  Synthetic, prebiotic human milk products of the type now used in NICUs for premature infants are "prebiotic composition[s]" that qualify as a "synthetic prebiotic food products[s] or supplement[s]" as set forth claims 1 and 16 of the '872 patent when inoculated with *B. infantis*.  By combining these synthetic, prebiotic human milk products with an inoculum of *B. infantis*, care providers will thus directly infringe at least claim 18 of the '872 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, unless sublicensed by Evolve.

27.     On information and belief, Abbott will imminently manufacture, use, offer for sale, or sell its *B. infantis* product or import its *B. infantis* product into the United States with the intent of causing care providers to infringe the '872 patent.  Abbott will imminently induce care providers to infringe by instructing, directing, and/or requiring care providers to combine its *B. infantis* product with synthetic, prebiotic human milk products, or by being willfully blind to the standard of care, which will require them to do so.  On information and belief, Abbott has either already performed these acts or taken substantial steps toward their performance.

28.     On information and belief, Abbott has actual knowledge of the '872 patent.  For example, Abbott has actual knowledge of EVIVO and the research conducted by Evolve's founders at UC Davis, including that Evolve holds patent rights relating to its EVIVO product.  Indeed, over the course of the last year, Abbott and Evolve entered into discussions regarding Evolve's technology

9

and its patents.  To the extent Abbott contends that it does not currently have knowledge of the '872 patent, this complaint provides such knowledge.  This conduct therefore constitutes active inducement of infringement of at least claim 18 of the '872 patent under 35 U.S.C. § 271(b).  Abbott infringes claim 15 for substantially similar reasons.

29.     On information and belief, Abbott is or will be supplying its *B. infantis* product only for administration to premature infants in the NICU.  Under the current standard of care, premature infants in the NICU are fed fortified milk products, such as synthetic, prebiotic human milk products.  As Abbott's *B. infantis* product is intended for administration to premature infants in the NICU, the product must be combined with such synthetic, prebiotic milk products resulting in infringement as explained above.  Because Abbott's *B. infantis* product is especially made or especially adapted for use with synthetic, prebiotic human milk products, it is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Abbott's manufacture, use, offer for sale, or sale within the United States or import into the United States of its *B. infantis* product therefore constitutes contributory infringement for at least claim 18 of the '872 patent under 35 U.S.C. § 271(c).  Abbott infringes claim 15 for substantially similar reasons.

30.     Plaintiffs seek a declaratory judgment that commercial manufacture, use, sale, offer for sale, and/or importation of Abbott's *B. infantis* product and actions to induce others to infringe or contribute to their infringement constitute indirect infringement the '872 patent.  Unless Abbott is enjoined from infringing the '872 patent, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,197,872

31.     Plaintiffs incorporate by reference as though fully set forth herein the allegations in Paragraphs 1 through 30 of the Complaint.

sf-4059730

32.     On information and belief, Abbott has tested its *B. infantis* product and continues to test its *B. infantis* product by combining it with synthetic, prebiotic human milk products, allowing Abbott to evaluate and to prepare its *B. infantis* product for launch.  For the reasons stated above, this conduct constitutes direct infringement of at least claims 15 and 18 of the '872 patent under 35 U.S.C. § 271(a).

## PRAYER FOR RELIEF

WHEREFORE, Evolve requests the following relief:

1.     Judgment that Abbott's commercial manufacture, use, offer for sale, or sale of its *B. infantis* product infringes one or more claims of the '872 patent;

2.     Judgment awarding Plaintiffs damages resulting from such infringement;

3.     A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

4.     A determination that Abbott's infringement has been willful and that the damages against it be increased up to treble on this basis or for any other basis within the Court's discretion;

5.     Costs of suit, including reasonable attorneys' fees;

6.     Injunctive relief, in the form of an order directing Defendants to cease all infringing acts; and

7.     Any further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable.

sf-4059730

Dated: August 30, 2019                   By:  */s/ Matthew A. Chivvis*

Matthew A. Chivvis (*pro hac vice pending*)
  *mchivvis@mofo.com*
Parisa Jorjani (*pro hac vice pending*)
  *pjorjani@mofo.com*
Stephanie Blij (*pro hac vice pending*)
  *sblij@mofo.com*
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105
Telephone:  415-268-7000
Facsimile:   415-268-7522

Todd H. Flaming
  *TF@TFLaw.US*
**Todd Flaming LLC**
20 South Clark Street, Suite 2620
Chicago, IL 60603
Telephone:  312-447-7217

*Attorneys for Plaintiffs Evolve BioSystems, Inc.*
*and the Regents of the University of California*

12